**Jong K. KIM, Petitioner,**

**v.**

Alberto GONZALES,[1] Attorney General of the Untied States, Dept. of Home-land Security, Respondents.

Docket No. 03–4679.

United States Court of Appeals, Second Circuit.

Oct. 5, 2005.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Andrew McNeela, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Ramon E. Reyes, Jr., Assistant United States Attorney, on the brief), New York, NY, for Respondent.

Present: NEWMAN, SOTOMAYOR, Circuit Judges, and DANIELS, District Judge.*

## SUMMARY ORDER

Petitioner Jong Kil Kim ("Kim"), a lawful permanent resident, petitions for review of the BIA's March 11, 2003 summary affirmance of an August 26, 1999 order of an Immigration Judge ("IJ") finding him excludable and ordering him excluded under 8 U.S.C. § 1182(a)(6)(E)(i) for engaging in alien smuggling. We assume the parties' familiarity with the facts and procedural history of the case.

The IJ's determination that the government proved by clear, unequivocal, and convincing evidence that Kim knowingly aided an alien to enter the United States in violation of the law is supported by substantial evidence. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (reviewing directly an IJ's decision after BIA summary affirmance). Evidence that Kim admitted to an agent that he had seen Hwa Tae Kim carrying a United States passport as he entered Kim's limousine in

---

1. The Clerk of the Court is directed to substitute Alberto Gonzales for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

* The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

New York City, that he held the alien's Korean passport during the drive from a hotel in Canada back across the border, that he drove to the border while Hwa sat in the back of the car with the alien in the "smuggling seat," and that he pleaded guilty to making a false statement to an immigration inspector, in violation of 18 U.S.C. § 1001, for telling him that all three men had traveled from the United States to Canada for a day was sufficient to meet the government's burden and amply supports the IJ's conclusion. Moreover, that Hwa, in his admission of culpability, did not exculpate Kim has no bearing on the IJ's conclusion.

For the foregoing reasons, Kim's petition for review is DENIED.